UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| ODIS HENDRIX,<br><br>              Petitioner,<br><br>     v.<br><br>WARDEN CALIF. TRAINING FAC. (CTF) SPEARMAN/CDCR,<br><br>              Respondents. | No. CV 14-2588-MWF (PLA)<br><br>**ORDER TO SHOW CAUSE RE LACK OF EXHAUSTION** |

      On April 4, 2014, petitioner, who is currently in state custody, filed a Petition for Writ of Habeas Corpus (the "Petition"). According to the Petition, petitioner, who was convicted on April 20, 2010, in the Los Angeles County Superior Court of possession of cocaine base, seeks habeas relief on the basis of a February 10, 2014, ruling by a "U.S. District Court . . . composed of three judges," ordering the reduction of "the state prison population managed by the California Department of Corrections and Rehabilitation" ("CDCR"). (See Petition at 4). For the reasons expressed below, it appears that the instant Petition is unexhausted.

      As a matter of comity, a federal court will not entertain a habeas corpus petition unless the petitioner has exhausted the available state judicial remedies on every ground presented in the petition. Rose v. Lundy, 455 U.S. 509, 518-22, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982). The habeas statute explicitly provides that a habeas petition brought by a person in state custody "shall

1  not be granted unless it appears that -- (A) the applicant has exhausted the remedies available
2  in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii)
3  circumstances exist that render such process ineffective to protect the rights of the applicant." 28
4  U.S.C. § 2254(b)(1).  Moreover, if the exhaustion requirement is to be waived, it must be waived
5  expressly by the state, through counsel.  See 28 U.S.C. § 2254(b)(3).

6        Exhaustion requires that petitioner's contentions be fairly presented to the state supreme
7  court even if that court's review is discretionary.  O'Sullivan v. Boerckel, 526 U.S. 838, 845-47, 119
8  S.Ct. 1728, 144 L.Ed.2d 1 (1999); James v. Giles, 221 F.3d 1074, 1077, n.3 (9th Cir. 2000).
9  Petitioner must give the state courts "one full opportunity to resolve any constitutional issues by
10 invoking one complete round of the State's established appellate review process" in order to
11 exhaust his claims.  O'Sullivan, 526 U.S. at 845.  A claim has not been fairly presented unless the
12 prisoner has described in the state court proceedings both the operative facts and the federal legal
13 theory on which his claim is based.  See Duncan v. Henry, 513 U.S. 364, 365-66, 115 S.Ct. 887,
14 130 L.Ed.2d 865 (1995); Picard v. Connor, 404 U.S. 270, 275-78, 92 S.Ct. 509, 30 L.Ed.2d 438
15 (1971); Johnson v. Zenon, 88 F.3d 828, 830 (9th Cir. 1996); Bland v. California Dep't of
16 Corrections, 20 F.3d 1469, 1473 (9th Cir. 1994), overruled on other grounds by Schell v. Witek,
17 218 F.3d 1017 (9th Cir. 2000).  Petitioner has the burden of demonstrating that he has exhausted
18 available state remedies.  See, e.g., Brown v. Cuyler, 669 F.2d 155, 158 (3d Cir. 1982).

19       Here, it appears that petitioner has not exhausted his state judicial remedies in connection
20 with this matter. (See Petition at 4).  Petitioner indicates that he has not raised the single ground
21 for relief on which the instant Petition is based on direct appeal to the California Court of Appeal,
22 or in either a Petition for Review or petition for habeas corpus to the California Supreme Court.
23 (See Petition at 4).  As the instant Petition appears to be unexhausted, it is subject to being
24 dismissed without prejudice.  Greenawalt v. Stewart, 105 F.3d 1268, 1271, 1273-75 (9th Cir.
25 1997).

26       For the foregoing reason, **no later than April 30, 2014**, petitioner is ordered to show cause
27 why the Petition should not be dismissed without prejudice for failure to exhaust state remedies.
28 Filing by petitioner of an Amended Petition -- on the Central District of California's form Petition

for Writ of Habeas Corpus -- clearly showing that petitioner has exhausted his state judicial remedies with regard to the ground for relief raised in the Petition shall be deemed compliance with this Order to Show Cause.  **Petitioner is advised that his failure to show in his Amended Petition that he has exhausted his state judicial remedies will result in the action being dismissed for lack of exhaustion.  Petitioner is further advised that his failure to timely respond to this Order will result in the action being dismissed for failure to prosecute and failure to follow Court orders.**

The Court Clerk is directed to send petitioner a copy of his current Petition, together with blank copies of the forms required when filing a Petition for Writ of Habeas Corpus by a Person in State Custody.  Any Amended Petition or other filing with the Court shall use the case number assigned to this action.

DATED: April 9, 2014

PAUL L. ABRAMS
UNITED STATES MAGISTRATE JUDGE