UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| ODIS HENDRIX,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>WARDEN CALIF. TRAINING FAC. (CTF) SPEARMAN/CDCR,<br><br>　　　　　Respondents. | No. CV 14-2588-MWF (PLA)<br><br>**ORDER DISMISSING PETITION FOR FAILURE TO EXHAUST, PROSECUTE AND FOLLOW COURT ORDERS** |

　　　　On April 4, 2014, petitioner, who is currently in state custody, filed a Petition for Writ of Habeas Corpus (the "Petition"). According to the Petition, petitioner, who was convicted on April 20, 2010, in the Los Angeles County Superior Court of possession of cocaine base, seeks habeas relief on the basis of a February 10, 2014, ruling by a "U.S. District Court . . . composed of three judges," ordering the reduction of "the state prison population managed by the California Department of Corrections and Rehabilitation" ("CDCR"). (See Petition at 4). On April 9, 2014, because the Petition appeared to be completely unexhausted, the Magistrate Judge ordered petitioner to show cause, no later than April 30, 2014, why the Petition should not be dismissed for failure to exhaust state remedies. Petitioner was instructed that the filing of an Amended Petition showing he had exhausted his state judicial remedies would be deemed compliance with the Order to Show Cause. Petitioner was further advised that his failure to timely respond to the

Order would result in the action being dismissed for lack of exhaustion and for failure to prosecute and follow Court orders.

**To date, petitioner has not filed a response to the April 9, 2014, Order, and his time to do so has passed.**

## II.

## DISCUSSION

As a matter of comity, a federal court will not entertain a habeas corpus petition unless the petitioner has exhausted the available state judicial remedies on every ground presented in the petition. Rose v. Lundy, 455 U.S. 509, 518-22, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982). The habeas statute explicitly provides that a habeas petition brought by a person in state custody "shall not be granted unless it appears that -- (A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1). Moreover, if the exhaustion requirement is to be waived, it must be waived expressly by the state, through counsel. See 28 U.S.C. § 2254(b)(3).

Exhaustion requires that petitioner's contentions be fairly presented to the state supreme court even if that court's review is discretionary. O'Sullivan v. Boerckel, 526 U.S. 838, 845-47, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999); James v. Giles, 221 F.3d 1074, 1077, n.3 (9th Cir. 2000). Petitioner must give the state courts "one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process" in order to exhaust his claims. O'Sullivan, 526 U.S. at 845. A claim has not been fairly presented unless the prisoner has described in the state court proceedings both the operative facts and the federal legal theory on which his claim is based. See Duncan v. Henry, 513 U.S. 364, 365-66, 115 S.Ct. 887, 130 L.Ed.2d 865 (1995); Picard v. Connor, 404 U.S. 270, 275-78, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971); Johnson v. Zenon, 88 F.3d 828, 830 (9th Cir. 1996); Bland v. California Dep't of Corrections, 20 F.3d 1469, 1473 (9th Cir. 1994), overruled on other grounds by Schell v. Witek,

218 F.3d 1017 (9th Cir. 2000). Petitioner has the burden of demonstrating that he has exhausted available state remedies. See, e.g., Brown v. Cuyler, 669 F.2d 155, 158 (3d Cir. 1982).

Here, petitioner has not exhausted his state judicial remedies in connection with this matter. (See Petition at 4). Petitioner indicates that he has not raised the single ground for relief on which the instant Petition is based on direct appeal to the California Court of Appeal, or in either a Petition for Review or petition for habeas corpus to the California Supreme Court. (See Petition at 4). Because the Petition is unexhausted, it is subject to being dismissed without prejudice. Greenawalt v. Stewart, 105 F.3d 1268, 1271, 1273-75 (9th Cir. 1997).

Moreover, it is well established that a district court has authority to dismiss a petitioner's action because of his or her failure to prosecute or to comply with court orders. See Fed. R. Civ. P. 41(b); Link v. Wabash Railroad Co., 370 U.S. 626, 629-30, 82 S. Ct. 1386, 8 L.Ed.2d 734 (1962) (holding that a court's authority to dismiss for lack of prosecution is necessary to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the district courts); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) (holding that a district court may dismiss an action for failure to comply with any order of the court).

In determining whether to dismiss this action due to petitioner's failure to prosecute or comply with Court orders, the Court must consider the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the respondents; (4) the public policy favoring disposition of cases on their merits[;] and (5) the availability of less drastic sanctions." Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988); see also In re Eisen, 31 F.3d 1447, 1451 (9th Cir. 1994) (failure to prosecute); Ferdik, 963 F.2d at 1260-61 (failure to comply with court orders).

The first two factors -- the public's interest in expeditious resolution of litigation and the Court's need to manage its docket -- weigh in favor of dismissal. Petitioner's failure to file any response to the Magistrate Judge's April 9, 2014, Order to Show Cause hinders the Court's ability to move this case toward disposition and indicates that petitioner does not intend to litigate this action diligently.

The third factor -- prejudice to respondent -- also weighs in favor of dismissal. A rebuttable presumption of prejudice to respondents arises when a petitioner unreasonably delays prosecution of an action. Eisen, 31 F.3d at 1452-53. Nothing suggests that such a presumption is unwarranted in this case.

The fourth factor -- public policy in favor of deciding cases on their merits -- weighs against dismissal. However, it is petitioner's responsibility to move his case toward a disposition at a reasonable pace and to avoid dilatory and evasive tactics. See Morris v. Morgan Stanley Co., 942 F.2d 648, 652 (9th Cir. 1991). Petitioner has not discharged this responsibility. In these circumstances, the public policy favoring resolution of disputes on the merits does not outweigh petitioner's failure to comply with Court orders.

The fifth factor -- availability of less drastic sanctions -- weighs in favor of dismissal. The Magistrate Judge attempted to avoid dismissal by advising petitioner that the failure to timely respond to the Order to Show Cause would result "in the action being dismissed for lack of exhaustion" and "for failure to prosecute and failure to follow Court orders." Nonetheless, petitioner has failed to respond to the April 9, 2014, Order.

Taking all of the above factors into account, dismissal for failure to prosecute and follow Court orders is appropriate. Such a dismissal, however, should not be entered unless petitioner has been notified that dismissal is imminent. See West Coast Theater Corp. v. City of Portland, 897 F.2d 1519, 1523 (9th Cir. 1990). In this case, petitioner was cautioned about the possibility of dismissal in the April 9, 2014, Order.

In light of the foregoing, the Court finds that it is appropriate to dismiss the Petition for lack of exhaustion, and for failure to prosecute and comply with Court orders. IT IS THEREFORE ORDERED that this action is **dismissed without prejudice.**

DATED: May 19, 2014

HONORABLE MICHAEL W. FITZGERALD
UNITED STATES DISTRICT JUDGE

4